MOSES A. SHACKLEY & others *vs.* EASTERN RAILROAD
COMPANY.

Under a statute requiring the owners of a railroad to run a certain number of trains daily
" so as to furnish reasonable accommodation to the public generally and the business
along the line of said road," and declaring that this court " upon application of any per-
son interested in the transportation of freight or passengers " may appoint commissioners
to settle any disagreement as to what may be considered such reasonable accommodation,
and that " said court is hereby invested with full equity powers to enforce the provisions
of this act," the court has no jurisdiction in equity, upon the petition of such persons, to
compel the running of such trains.

GRAY, J. By the first section of the St. of 1852, *c.* 305, under
which, as the petitioners allege, the respondents became the
owners of the South Reading Branch Railroad, the respondents
were required to run one freight train and four passenger trains
daily, Sundays excepted, each way over that road, " so as to fur-
nish reasonable accommodation to the public generally and the
business along the line of said road." The petitioners, describing
themselves as " persons interested in the transportation of
freight " over this railroad, allege that, notwithstanding that
public necessity and convenience require such running of freight
trains, and that the petitioners have often requested the respond-
ents to run the same, the respondents have for ten months refused
to do so, to the great and unnecessary delay, expense, incon-
venience and damage of the petitioners and the public generally
in the transportation of their freight along the line of this rail-
road. The prayer of the petition is for an order to the respond-
ents to comply with the provisions of the statute, by running
one freight train daily, Sundays excepted, over this railroad, and
for such other orders and decrees as to justice and law apper-
tain. The petition is not addressed to this court sitting in
equity ; but the respondents demur for want of equity, alleging
as one cause of demurrer that the petition does not show that
the petitioners have such an interest as entitles them to main-
tain it ; and the case was treated by both parties at the argu-
ment as a proceeding on the equity side of the court.

In the absence of any express grant of equity jurisdiction in

the premises, it would seem that no relief could be afforded in equity for the cause stated in the petition, either at the suit of individuals, or of the attorney general representing the Commonwealth; but that the only remedy would be at law by *mandamus* indictment, or other appropriate process, or by proceedings to annul the respondents' charter or franchise. *Attorney General* v. *Birmingham & Oxford Junction Railway Co.* 4 De Gex & Smale, 490, and 3 Macn. & Gord. 453. *People* v. *Albany & Vermont Railroad Co.* 24 N. Y. 261. And the petitioners in their petition and at the argument relied solely upon the third section of the St. of 1852, *c.* 305, which is as follows: "If any disagreement shall arise as to what may be considered reasonable accommodation to the public and business along the line of said railroad from and between Salem and Boston, the supreme judicial court, upon application of any person interested in the transportation of freight or passengers, either in term or vacation, shall be authorized to appoint three commissioners to settle such disagreement, and said court are hereby invested with full equity powers to enforce the provisions of this act."

But we are unanimously of opinion that this petition cannot be sustained under either of the provisions of this section. The only right which is in terms given to "any person interested in the transportation of freight or passengers" is to apply for the appointment of commissioners to settle any disagreement as to what may be considered reasonable accommodation; and the petitioners do not ask for the appointment of commissioners. The general clause at the end of the section simply invests this court "with full equity powers to enforce the provisions of this act," leaving the parties and the mode of proceeding to be regulated by the ordinary practice in chancery. The extent and limits of the powers thus conferred upon the court we have no occasion to discuss; for it is clear that any suit to compel the performance of a corporate duty in which the petitioners show no interest different from that of the whole public should be brought in the name of the attorney general, and cannot be maintained in the name of these petitioners. *Fall River Iron Works Co.* v. *Old Colony & Fall River Railroad Co.* 5 Allen.

224. *Goddard* v. *Smithett*, 3 Gray, 116. *Buck Mountain Coal Co.* v. *Lehigh Coal & Navigation Co.* 50 Penn. State, 91.

*Demurrer sustained.*

*E. A. Upton*, (*J. R. Baker* with him,) for the petitioners.

*F. W. Hackett*, for the respondents, was not called upon.